**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-60359-CIV-SMITH**

KERBY BROWN, JR.,

      Movant,

v.

UNITED STATES OF AMERICA,

      Respondent.

_____/

**ORDER OF DISMISSAL FOR FAILURE TO PROSECUTE**
**AND COMPLY WITH COURT ORDERS**

This case comes before the Court upon a *sua sponte* review of the record.  On February 3, 2026, Movant Kerby Brown, Jr. ("Movant") filed a *pro se* Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 ("Motion") [CV DE 1].[1]  After screening in accordance with the Rules Governing Section 2255 Proceedings, the Court dismissed the Motion as facially deficient on March 27, 2026.  (Ord. [DE 4] 2–3.)  However, the Court granted Movant an additional thirty (30) days to file an Amended Motion to Vacate and, if he wished, a Memorandum of Law.  (Ord. 2–3.)  Movant has failed to do so.  Therefore, for the following reasons, the Motion is **DISMISSED WITHOUT PREJUDICE** for failing to prosecute and comply with Court orders.

A district court may dismiss a case, on its own initiative, if a party abandons its prosecution of the suit.  *See Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962).  Courts are vested with this inherent power "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases" and "to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief."  *Id*.  "The court's power to dismiss is an

---

[1] Citations to Movant's criminal docket are denoted as [CR DE #], and citations to Movant's civil docket are denoted as [CV DE #].

inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits."

*Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983) (per curiam).  Accordingly, "[a] district

court can dismiss a case *sua sponte*" if a party "fails to comply with a court order."  *Daker v.*

*Comm'r, Ga. Dep't of Corr.*, 850 F. App'x 731, 733 (11th Cir. 2021) (citing *Betty K Agencies,*

*Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005)) (per curiam); *see also Moon v.*

*Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[D]ismissal upon disregard of an order, especially

where the litigant has been forewarned, generally is not an abuse of discretion"); *Jamerson v. Sec'y*

*Dep't of Corr.*, 774 F. App'x 623, 624 (11th Cir. 2019) ("In general, a dismissal without prejudice

is not an abuse of discretion" (citing *Dynes v. Army Air Force Exchange Serv.*, 720 F.2d 1495,

1499 (11th Cir. 1983))) (per curiam).

That disposition is warranted here.  On March 27, 2026, this Court entered its order

requiring that Movant file an Amended Motion to Vacate on or before April 23, 2025.  (Ord. 3.)

However, that deadline has now long passed, and Movant has neither filed an Amended Motion to

Vacate nor requested additional time to do so.  Therefore, Movant has failed to comply with this

Court's clear directive, warranting dismissal of this case without prejudice.

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** that:

1. This Motion [DE 1] is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute and failure to comply with Court orders.[2]

2. Movant is notified that, as of the date of this Order, the Anti-Terrorism and Effective Death Penalty Act's ("AEDPA") statute of limitations has begun to run again.

3. The Clerk is ordered to **CLOSE** this case.

---

[2] Because the case is dismissed without prejudice, Movant need not obtain a certificate from the Eleventh Circuit before filing another Motion to Vacate. *See Weeks v. United States*, 382 F. App'x 845, 849–50 (11th Cir. 2010) (per curiam) (noting that "[w]hen an earlier habeas corpus petition was dismissed without prejudice, a later petition is not 'second or successive'" (quoting *Dunn v. Singletary*, 168 F.3d 440, 441 (11th Cir. 1990) (per curiam))).

4.      The Clerk shall **MAIL** a copy of this order to Movant at the address listed below and file a Notice of Compliance confirming the same.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 26th day of May 2026.

RODNEY SMITH
UNITED STATES DISTRICT JUDGE

cc:      **Kerby Brown, Jr.,** *pro se*
20040-104
Jesup FCI
Federal Correctional Institution
Inmate Mail/Parcels
2680 301 South
Jesup, GA 31599

**Noticing 2255 US Attorney**
Email: usafls-2255@usdoj.gov